No. 14,504.

CLARK *v.* THE PEOPLE.
(97 P. [2d] 440)

Decided December 18, 1939.

Mr. HENLEY A. CALVERT, Mr. WILLIAM A. BLACK, for plaintiff in error.

Mr. BYRON G. ROGERS, Attorney General, Mr. HENRY E. LUTZ, Deputy, for the people.

*En Banc.*

MR. JUSTICE OTTO BOCK delivered the opinion of the court.

AN information filed in the district court of the second judicial district charged plaintiff in error, to whom reference is hereinafter made as defendant, in two counts with larceny as bailee and confidence game. Defendant was convicted on both counts and sentenced to the state penitentiary for a term of not less than three nor more than five years on the first count, and for not less than eight nor more than twenty years on the second count, the sentences to run concurrently. No evidence was introduced by the defense, and therefore the facts are undisputed.

Counsel for defendant contend that the trial court erred in overruling defendant's motion for a directed verdict based on the insufficiency of the evidence to sus-

tain the first count of the information. In view of the fact that the sentence on the first count, of not less than three nor more than five years, for larceny as bailee, and the sentence on the second count, for confidence game, run concurrently, as stated, we decline to consider this contention. *Quinn v. People,* 32 Colo. 135, 139, 75 Pac. 396. The evidence overwhelmingly sustains the conviction of confidence game.

■ Relative to the second count in the information, which charges confidence game, defendant contends that since the language of section 222, chapter 48, '35 C. S. A., that persons violating this section "shall be liable to indictment," an information will not lie to charge this offense. This question was decided adversely to defendant's contention in *Grandbouche v. People,* 104 Colo. 175, 89 P. (2d) 577, 583.

■ Defendant assigns error to the refusal of the court to give his tendered instruction No. 7. This instruction is predicated upon the theory that there was a partnership relation between defendant, Ida McCullough the prosecuting witness, and one Davis, the latter being charged jointly with defendant in the information, but not apprehended. There is no evidence in the record to support such a theory.

■ Defendant also assigns error to the giving of instruction No. 13, which advised the jury that before it could determine defendant guilty of confidence game, it should find certain facts. It is asserted that there should have been an addendum to this instruction to the effect that "advantage is taken of the confidence reposed by the victim in the swindler." The objections to the instruction were not specific on that point. Assuming, but not deciding, that this question is before us for consideration, we direct attention to language in the instruction which we believe fully meets the criticisms, as follows: "And second, if you find that such a thing, and not mere words alone, was used, he is not to be found guilty of the crime of confidence game, unless you find

that the thing used was what caused the complaining witness to part with her money." This and other objections to this instruction are, in our opinion, without merit.

It is further urged that the court erred in overruling the motion of defendant for a directed verdict on the second count of the information, because defendant could not be guilty of confidence game and at the same time be guilty of larceny as bailee. The record does not disclose such a motion; it therefore is unnecessary for us to notice this alleged error, and we do not pass on the question. Moreover, no motion was at any time made by defendant that the district attorney be required to elect, nor was there any objection to the evidence on this issue. Under these circumstances, it would seem that objection based on a misjoinder of offenses in separate counts was waived. 31 C. J., p. 875, §537. In view of the overwhelming evidence to substantiate the charge of confidence game contained in the second count, we deem it unnecessary to further discuss this alleged error.

Defendant further contends that the court committed prejudicial error in admitting evidence of a similar offense, given by another victim of defendant, concerning an incident which occurred March 20, 1937, approximately ten days prior to the transaction involved in the instant case. The evidence was admitted to show the plan or design of defendant. Briefly, the plan consisted of false representations to intended victims, who were the owners of oil leases in a certain territory in New Mexico. It was represented to the victims that defendant was connected with large oil companies; that there was an eighty-acre plot adjoining their lease which was subject to auction within a day or two and required immediate action; that if the victims would put up the money for the purchase of these leases from the government, defendant would within thirty days be able to sell them for a large sum to the companies which he repre-

sented, after which he would return to Denver and pay the money to the victims. These oral representations were accompanied by the exhibition of certain fictitious documents, such as letterheads and letters purporting to be signed by presidents of oil companies, and, what was admitted to the enforcement officers by defendant to be a "phony," a bond of the National Surety Company in the sum of $50,000, on which the photograph of defendant was pasted in the upper lefthand corner, it being stated on the purported certificate that the company guaranteed the fulfillment of any oil and gas contract made by defendant, and that it would protect any persons with whom such a contract should be made by him. These fictitious documents also were shown to the victim on March 20, 1937. This evidence was properly limited by the court's instruction to show the plan or design of defendant, and for no other purpose.

The evidence of the witness as to a similar offense, and the inferences to be drawn therefrom, was practically identical with the evidence of the prosecuting witness, Ida McCullough, and was clearly within the exceptions to the rule against the admission of evidence of other similar independent offenses. *Warford v. People,* 43 Colo. 107, 96 Pac. 556; *Clark v. People,* 53 Colo. 214, 125 Pac. 113; *Bush v. People,* 68 Colo. 75, 187 Pac. 528. This contention also is without merit.

Under the title "Objectionable Exhibits" defendant alleges prejudicial error in the admission of certain evidence, consisting of various fictitious documents admitted to the enforcement officers by defendant as belonging to him. Practically all of this evidence was introduced to show the plan, scheme and design of defendant. Its admission was, under the circumstances, not error. Relative to a gun that was found in defendant's hotel room, and which was exhibited at the trial, the court expressly instructed the jury that it was irrelevant, and to disregard it as any evidence of guilt or innocence. As to the admission in evidence of a certain

medicine, the record is silent as to its nature. Assuming that the evidence with respect thereto may have been immaterial, in view of the circumstances, its admission could not have been prejudicial to defendant.

The judgment is affirmed.

MR. JUSTICE FRANCIS E. BOUCK not participating.