No. 18,627.

DAVID GALLEGOS *v.* PEOPLE OF THE STATE OF COLORADO.
(337 P. [2d] 961)

Decided April 6, 1959. Rehearing denied April 27, 1959.

Mr. EUGENE DEIKMAN, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. NORMAN H. COMSTOCK, Special Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

PLAINTIFF in error, to whom we will refer as defendant, and one Trujillo, were convicted on both counts of an information charging unlawful possession of Cannabis Sativa L., commonly known as marijuana, and conspiracy to unlawfully possess the said narcotic. After a timely motion for judgment notwithstanding the verdict, or in the alternative for a new trial, defendant was sentenced to the state penitentiary for a term of not less than three nor more than five years on each count, sentences to run concurrently and to begin at the expiration of a sentence previously imposed which he was then serving.

The information was filed November 27, 1956; a plea of not guilty was entered December 4, 1956, but trial was not had until January 1958. Numerous continuances of the case for trial were ordered during the January, April and September terms of court during the year 1957. December 10, 1957, defendant filed a motion to dismiss the action on the ground that he had been denied a speedy trial. This motion was denied.

The assignments of error are twenty-four in number but many of them relate to the same substantive matter. Basically they may all be grouped under one of the following classes:

(1) Error in denial of the motion to dismiss after the delay of more than one year.

(2) Insufficiency of information to charge an offense.

(3)  Insufficiency of evidence to establish the alleged offenses.

(4)  Error in denial of tendered instructions.

(5)  Error in giving certain instructions over objection of defendant's attorney.

(6)  Error in the admission of evidence.

(7)  Denial of motion for a mistrial.

█ Evidence offered on behalf of the people tended to prove the following facts: On the evening of November 23, 1956, a police officer of the city of Denver was approaching the entrance of the Juarez bar. Defendant and his companion, who had started to leave the place, saw the officer and hurried back into the bar. The co-defendant was seen handing a package to defendant and the latter threw it in a place of concealment (behind a nickelodeon and cigarette machine). The package contained marijuana cigarettes. Defendant and his co-defendant each had narcotics of the same kind in their pockets in the form of debris. The inference to be reasonably drawn from proof of these facts, is that defendant and Trujillo knew the contents of the package; that it was in their joint possession; that they knew if they were stopped in the entrance to the bar it would certainly be found on their persons; that to avoid such discovery they made a hasty retreat to dispose of the package, but the officer got inside the bar in time to see their hurried effort at concealment. The package contained twenty-four cigarettes. A qualified expert testified to having made an analysis of twelve of them and that all of those examined contained the forbidden narcotic. This evidence was sufficient to sustain a verdict of guilty on the count charging defendant with possession of narcotics.

█ Assuming without deciding that there was insufficient evidence to sustain the verdict of guilty on the conspiracy count, the sentences imposed upon each count were the same and were to run concurrently; accordingly under the circumstances of this case defendant

could not be prejudiced by the verdict on the conspiracy count, even if we agreed with his argument that the evidence didn't support that verdict.

The objection of counsel to several instructions given by the court, and exceptions to the refusal to give tendered instructions, have been examined and we hold that no error was committed by the trial court in these matters. The instructions gave defendant every protection to which he was entitled under the law.

There is no merit in the assignments relating to the admissibility of evidence, and those relating to the motion for mistrial on the ground that a witness had spoken to a juror are so trivial and lacking in merit as to deserve no comment. The assignment that the information did not charge the commission of a crime is without merit.

Defendant contends that he was denied a speedy trial as required by Article II, Section 16, of the Colorado Constitution as implemented by C.R.S. 1953, 39-7-12. This statute provides in pertinent part that if an accused, " * * * shall not be tried on or before the expiration of the second term of the court having jurisdiction of the offense, the prisoner shall be set at liberty by the court, unless the delay shall have been on the application of the prisoner. * * * " In the instant case more than two terms expired after the term in which the information was filed before the case was tried.

██ It is affirmatively shown by the record that practically every continuance of the trial of the case was with the express consent of the then counsel for defendant. On June 17, 1957, defendant's counsel asked for a trial date later than September 5, 1957, and agreed to the date of November 12, 1957. Other prior continuances were granted upon the request, and to suit the convenience, of counsel for defendant. Counsel who represented defendant upon the trial, and who appears in his behalf in this court, first entered his appearance in the case on November 22, 1957. He asked permission to file a motion for a separate trial. This motion was

filed, heard and denied after the expiration of the two terms of court mentioned in the above-quoted statute. Under these circumstances defendant cannot avail himself of the provisions of the statute. *People v. Scott,* 74 Calif. App. (2d) 782, 169 P. (2d) 970; *Ex parte Lopez,* 39 Cal. (2d) 118, 245 P. (2d) 1; *People v. George,* 91 Cal. App. (2d) 537, 205 P. (2d) 464; and *Randolph v. State,* 234 Ind. 57, 122 N.E. (2d) 860.

The judgment is affirmed.

MR. JUSTICE SUTTON not participating.

MR. JUSTICE MOORE on Petition for Rehearing.

The first count of the information in the instant case alleges that on the 23rd day of November, 1956, in Denver, Colorado, defendant and other persons named, "Unlawfully and feloniously had in their possession a narcotic drug, namely, Cannabis Sativa L; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the People of the State of Colorado."

Counsel for defendant attacked the validity of the information, and our opinion did no more than sustain the trial court's ruling that the information was sufficient. The petition for rehearing contains the assertion that, "The trial courts are in conflict regarding the merit of the contention of plaintiff-in-error relating to the validity of the information."

The effect of our opinion in this connection is that an information in the language hereinabove quoted is sufficient to charge the person accused with a violation of C.R.S. 1953, 48-6-2.

The petition for rehearing is denied.