559 P.2d 1116 (1976)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
John Arthur VILLAFRANCA, Defendant-Appellant.
No. 75-814.
Colorado Court of Appeals, Div. 2.
November 18, 1976.
Rehearing Denied December 9, 1976.
Certiorari Granted February 14, 1977.
J. D. MacFarlane, Atty. Gen., Jean E. Dubofsky, Deputy Atty. Gen., Edward G. Donovan, David K. Rees, Asst. Attys. Gen., Denver, for plaintiff-appellee.
Rollie R. Rogers, Colorado State Public Defender, Thomas M. Van Cleave, III, Deputy State Public Defender, Denver, for defendant-appellant.
Selected for Official Publication.
PIERCE, Judge.
Defendant, John Villafranca, was convicted of aggravated robbery and conspiracy to commit robbery, and was sentenced to identical concurrent terms of imprisonment on each offense. He contends that the trial court erred (1) in admitting into evidence a statement attributed to an alleged co-conspirator; (2) in submitting an instruction regarding the elements of conspiracy; (3) in refusing an instruction submitted by defendant on identity and credibility. We affirm.
*1117 Defendant's first two contentions of error are directed at the conspiracy conviction. The challenged instruction did not relate to the aggravated robbery charge, and the disputed testimony did not implicate defendant in any criminal activity; hence, neither could have had any effect upon the jury's conclusion that defendant was guilty of aggravated robbery. Since the sentence imposed on the conspiracy conviction did not exceed that for robbery, defendant was not prejudiced by any error which might have been committed by the trial court with regard to the conspiracy charge. Gallegos v. People, 139 Colo. 166, 337 P.2d 961 (1959). See also People v. Wieckert, Colo., 554 P.2d 688 (announced September 7, 1976); People v. Morgan, Colo., 539 P.2d 130 (1975); People v. Brown, 185 Colo. 272, 523 P.2d 986 (1974).
Nor does the trial court's refusal of defendant's tendered instruction on identity and credibility warrant reversal. A general instruction on credibility was submitted to the jury, as were instructions dealing with the presumption of innocence and the concept of reasonable doubt. The jury was apprised of each element of aggravated robbery, and was instructed that it must find beyond a reasonable doubt that defendant committed the requisite acts. Hence, the trial court's refusal of the tendered instruction on identity and credibility was not error. People v. Palumbo, Colo., 555 P.2d 521 (announced October 12, 1976); People v. Lopez, 182 Colo. 152, 511 P.2d 889 (1973).
Although defendant asserts that he was entitled to have the tendered instruction submitted to the jury as his "theory of defense", no such entitlement accrues where the matters contained in the tendered charge are fully encompassed in the instructions actually submitted to the jury. People v. Moya, 182 Colo. 290, 512 P.2d 1155 (1973). See also People v. Akins, 36 Colo. App. 337, 541 P.2d 338 (1975).
Judgment affirmed.
VAN CISE, J., concurs.
KELLY, J., specially concurs.
KELLY, Judge, specially concurring.
I agree with the majority that the defendant's conviction of aggravated robbery must be affirmed. I concur in the affirmance of the defendant's conviction of conspiracy to commit robbery only because I feel obligated to do so by the long line of Colorado cases in which a conspiracy conviction was affirmed because the sentence imposed therefor ran concurrently with a sentence imposed for another offense of which the defendant was properly convicted. See People v. Wieckert, Colo., 554 P.2d 688 (1976); People v. Morgan, Colo., 539 P.2d 130 (1975); People v. Brown, 185 Colo. 272, 523 P.2d 986 (1974); Gallegos v. People, 139 Colo. 166, 337 P.2d 961 (1959); Imboden v. People, 40 Colo. 142, 90 P. 608 (1907).
There is, however, abundant authority for the reversal of convictions of offenses other than conspiracy despite the imposition of concurrent sentences. See People v. Diaz, 182 Colo. 369, 513 P.2d 444 (1973); Santistevan v. People, 177 Colo. 329, 494 P.2d 75 (1972); Reynolds v. People, 172 Colo. 137, 471 P.2d 417 (1970); Clews v. People, 151 Colo. 219, 377 P.2d 125 (1962). But see Clark v. People, 105 Colo. 335, 97 P.2d 440 (1939); Clarke v. People, 53 Colo. 214, 125 P. 113 (1912); Quinn v. People, 32 Colo. 135, 75 P. 396 (1904). Since conspiracy and the crime which is the object of the conspiracy are separate and distinct offenses, People v. Grass, 180 Colo. 346, 505 P.2d 1301 (1973); People v. Rivera, 178 Colo. 373, 497 P.2d 990 (1972), I see no justification for a distinction between an erroneous conviction of conspiracy and an erroneous conviction of any other offense.