Bradley Sean JORDAN, Appellant,

v.

STATE of Alaska, Appellee.

No. A–3433.

Court of Appeals of Alaska.

Oct. 25, 1991.

Rex Lamont Butler, Anchorage, for appellant.

Kenneth M. Rosenstein, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage, and Charles E. Cole, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

## OPINION

BRYNER, Chief Judge.

Bradley Sean Jordan appeals his conviction for misconduct involving a controlled substance in the fourth degree (possession of cocaine), contending that the trial court erred in declining to instruct the jury that "possession" of drugs does not include passing control for purposes of disposal. We reverse.

In May of 1989, police and paramedics went to an Anchorage apartment in response to a call for help. They found Jordan and Dennis Sandland attempting to revive Sandland's wife, who was suffering from what proved to be a fatal drug overdose. Shortly after the police arrived, Jordan and Dennis Sandland slipped out of the apartment, unnoticed. Bystanders outside saw the two men walk to an adjacent carport. There, Jordan separated himself momentarily from Sandland, reached into the wheelwell of a parked car, as if placing something underneath, and then returned to Sandland. The two men spoke briefly and left the area on foot.

When the police discovered that Jordan and Sandland had left the apartment, they searched the neighborhood for the men. They located Jordan not far away and returned him to the apartment for questioning. Meanwhile, the bystanders outside the apartment had informed the police of Jordan's conduct. An officer checked under the wheelwell of the parked car and found a packet of cocaine. Jordan was arrested and charged with its possession.

At trial, Jordan did not testify or call witnesses in his own defense. He attempted to establish a reasonable doubt by arguing that the evidence showed only that he had abandoned the baggie of drugs, an act that Jordan maintained was not, in itself, sufficient to constitute knowing possession.

In support of his theory of defense, Jordan asked the trial court to instruct the jury that "possession" means to "have actual control, care and management of and not a passing control, fleeting or shadowy in nature." Jordan based his proposed instruction on *Adams v. State,* 706 P.2d 1183, 1186 (Alaska App.1985), and *Moreau v. State,* 588 P.2d 275, 286 (Alaska 1978). Both *Adams* and *Moreau* recognized that momentary or passing control of drugs for purposes of disposal does not amount to unlawful possession.

The trial court rejected Jordan's proposed instruction. While acknowledging that an instruction on passing control might be appropriate under some circumstances, the court concluded that such an instruction was not justified by the evidence in Jordan's case. The court gave the jury a possession instruction that omitted

reference to the concept of passing control for purposes of disposal.[1]

On appeal, Jordan maintains that the trial court erred in rejecting his proposed instruction. The state, in response, likens Jordan's passing control theory to an affirmative defense. Arguing that there must be at least some evidence to support each element of a defense, *see, e.g., Palmer v. State,* 770 P.2d 296, 298 (Alaska App. 1989), the state maintains that Jordan did not meet his burden of providing some evidence that his possession was passing, or momentary.

The state's characterization of the passing control issue as an affirmative defense—one that imposed a burden on Jordan to produce affirmative evidence—is not altogether accurate. Alaska cases have tended to treat the issue of passing control as intrinsically related to the definition of possession rather than as a matter of affirmative defense. Thus, for example, in *Moreau v. State,* 588 P.2d at 286, the Alaska Supreme Court quoted with approval the definition of possession adopted in *United States v. Landry,* 257 F.2d 425, 431 (7th Cir.1958) (footnote omitted):

> To "possess" means to have actual control, care and management of, and not a passing control, fleeting and shadowy in its nature.

*See also Adams v. State,* 706 P.2d at 1186.

That issues of passing control are integrally related to the definition of possession and are not merely matters of affirmative defense also seems clear from *People v. Mijares,* 491 P.2d 1115 (Calif.1971), another case relied on by the Alaska Supreme Court in *Moreau.* In *Mijares,* the California Supreme Court found that, even without a defense request, the trial court had an affirmative duty to instruct the jury that passing control of drugs for purposes of disposal did not amount to possession. In reaching this conclusion, the court analogized the question of passing control to the fundamental issue of whether the defendant acted knowingly, concluding that "the issue of momentary handling prior to abandonment ... goes to the very essence of the offense." *Id.* at 1120.

Ultimately, distinguishing the issue of passing control from an affirmative defense may involve more form than substance. But the distinction is nonetheless useful. In the context of the present case, it helps shift the focus away from the somewhat artificial question of whether Jordan "met his burden" of producing some evidence to support each element of his defense. The more relevant inquiry here is whether, under the totality of the evidence, an instruction on passing control was necessary to allow the jury to properly decide the issue of Jordan's guilt.

While trial courts traditionally have broad discretion over requests for particularized jury instructions, the instructions actually given must, at a minimum, address all matters necessary to a fair verdict. *See* Alaska R.Crim.P. 30(b); *Stoneking v. State,* 800 P.2d 949 (Alaska App.1990). When the evidence in a given case could not fairly support an inference that the defendant's control over drugs—if established—was only temporary and for purposes of abandonment, then the trial court will have no need to instruct the jury that temporary control for purposes of abandonment does not amount to possession.

On the other hand, when a reasonable juror, viewing the totality of the evidence in the light most favorable to the defendant, might entertain a reasonable doubt as to whether the defendant exercised more

---

**1.** The trial court's instruction on possession read as follows:

> The law recognizes two kinds of possession: actual possession and constructive possession. Actual possession means to have direct physical control, care and management of a thing.
>
> A person not in actual possession may have constructive possession of a thing. Constructive possession means to have the power to exercise dominion or control over a thing. This may be done either directly or through another person or persons.
>
> You may find that the element of possession as that term is used in these instructions is present if you find beyond a reasonable doubt that the defendant had actual or constructive possession, either alone or jointly with others.

The language of this instruction is identical to Alaska Pattern Criminal Instruction 81.-900(b)(42), except that it excludes a paragraph of the pattern instruction addressing the distinction between joint and sole possession.

than passing control for purposes of disposal, then the court is obligated to instruct that such control does not amount to possession. Absent such an instruction, jurors might vote for conviction despite a reasonable doubt as to whether the defendant exercised the type of dominion and control that is necessary, under the law, to constitute possession.

In this case, though Jordan presented no evidence to establish that he had recently acquired the disputed drugs, the affirmative evidence presented by the state showed only that Jordan disposed of a packet of cocaine by placing it in the wheelwell of a parked car—an act that the jury might have construed as an abandonment.[2] The state presented no direct evidence of possession apart from the brief possession necessarily involved in the act of abandonment. Moreover, at least some circumstantial evidence suggested that Jordan may have been in control of the packet of drugs only briefly, for the purpose of disposing of it. Jordan and Dennis Sandland had just emerged from Sandland's apartment, where Sandland's wife had suffered from a drug overdose. The two men were together immediately before Jordan disposed of the packet of drugs, and Jordan again joined Sandland, and spoke with him, after disposing of the packet.

At trial, Jordan's counsel wanted to argue that Jordan may have received the packet of drugs from either Dennis Sandland or Sandland's wife, and that he may have been in possession of it only until he placed it in the wheelwell of the parked car. In our view, this scenario is fairly inferrable from the totality of the evidence in the record and is not inherently implausible. *See, e.g., People v. Mijares*, 491 P.2d at 1117.

The state nevertheless insists that, under the Alaska Supreme Court's decision in *Moreau v. State*, no passing control instruction was justified in the absence of affirmative evidence establishing that Jordan had recently acquired possession of the drugs. The state relies on a passage in *Moreau* that quotes with approval from *People v. Mijares*, 491 P.2d at 1120:

In *People v. Mijares*, the California court held that momentary possession for purposes of disposal did not constitute possession. The facts of that case reveal that the person in question, in an attempt to help an overdosing friend, pulled a handkerchief containing heroin out of his friend's pocket and threw it out the window of the car, before driving his friend to aid. The court stated:

We emphasize that our decision in no way insulates from prosecution under the narcotics laws those individuals who, fearing they are about to be apprehended, remove contraband from their immediate possession. We leave intact the rule that from such conduct "it could be inferred that defendant at one time exercised physical dominion" over the narcotic.

We agree with this analysis, and our holding does not insulate from prosecution those who seek to dispose of contraband upon discovering that the police are approaching. In such cases, it may be inferred that the defendant previously had more than momentary possession.

*Moreau v. State*, 588 P.2d at 286 (citations omitted).

The thrust of this passage, however, is that antecedent possession *may* be inferred from an act of abandonment, not that it must be. While *Moreau* and *Mijares* establish that an act of abandonment will in itself establish a *prima facie* case of knowing possession—a showing sufficient to withstand a motion for judgment of acquittal—nothing in either case suggests that, without affirmative evidence of recent acquisition, proof of an act of abandonment

---

**2.** The passing control doctrine presumes that a defendant's temporary control over drugs is for the sole purpose of disposal or abandonment. The doctrine thus has no application when a person secretes drugs with intent to reassert control over them at a later time, or as a means of transferring them to others. In the present case, the jury could certainly have concluded that Jordan did not intend to abandon the packet of cocaine when he placed it in the wheelwell of the parked car; had the jury so found, the passing control doctrine would not have shielded Jordan. On the other hand, Jordan's conduct was also capable of being construed as an act of abandonment. Under the evidence at trial, the decision as to Jordan's intent in placing the drugs in the wheelwell of the parked car was one for the jury.

must give rise to a mandatory inference of possession.[3]

The evidence in the present case showing that Jordan left a packet of cocaine in the wheelwell of a parked car was certainly sufficient to support a finding of possession, but that evidence did not compel such a finding. The only act of possession actually observed by the state's witnesses was Jordan's act of abandonment. Because, under the totality of the circumstances, a reasonable juror could have entertained a reasonable doubt as to whether Jordan possessed the packet for a period longer than reasonably necessary to dispose of it,[4] an instruction on the theory of passing control was necessary to assure a fair verdict. We conclude that the trial court erred in refusing to give Jordan's proposed instruction.

The conviction is REVERSED.

---

3. The state cites three cases for the proposition that affirmative evidence of recent acquisition is necessary. The cases do not support the state's position. In *People v. Ballard*, 212 Cal.App.3d 1171, 261 Cal.Rptr. 82 (Cal.App.1989), the defendant was arrested with drugs in a duffel bag. He claimed that he had recently taken the drugs away from his wife to prevent her from abusing them. However, on cross-examination, the defendant acknowledged that he made no attempt to destroy the drugs after taking them from his wife. The defendant never claimed that he planned to destroy or dispose of the drugs, and the circumstances surrounding the defendant's arrest indicated no such intent. Finding that the defendant's "possession would presumably have continued if the police had not arrested him ...," the court in *Ballard* held an instruction on passing control unnecessary.

*People v. Sonleitner*, 183 Cal.App.3d 364, 228 Cal.Rptr. 96 (Cal.App.1986), involved a defendant who flushed a quantity of cocaine down a toilet as the police entered his home to serve a search warrant for drugs. At trial, the defendant denied ever possessing cocaine or flushing it down the toilet. He accused the police of lying about his disposal of the drugs. The court in *Sonleitner* held a passing control instruction unnecessary under the circumstances, noting that such an instruction would have been directly contrary to the defendant's theory of defense.

In *Gallegos v. People*, 337 P.2d 961 (Colo. 1959), no issue of passing control was directly presented. A police officer approached the defendant and another man as they were exiting a bar. The two men turned and walked back into the bar. The defendant's companion handed him a package containing marijuana cigarettes, which the defendant hid behind a machine. On appeal, the defendant contended, among other things, that the evidence was insufficient to support his conviction. The court in *Gallegos*, however, rejected this argument, indicating that a reasonable inference from the defendant's conduct was that he had been in joint possession of the marijuana cigarettes prior to the approach of the police. The holding in *Gallegos* is consistent with *Moreau* and *Mijares*, establishing only that an inference of antecedent possession may arise from an act of abandonment.

4. The question of how long a period can be encompassed in an act of passing control, or momentary or fleeting possession, is not a simple one. It would appear that the permissible period is variable, depending on the time that would be reasonably necessary, under the totality of the circumstances, to allow for disposal.

At one end of the spectrum, courts seem to require little or no evidence of an intent to abandon or dispose of drugs when the total time of possession is literally momentary. *See, e.g., Moreau v. State*, 588 P.2d at 285–86. Under such circumstances, courts recognize that, regardless of intent to dispose, to allow possession to be established by momentary contact "would give the act of touching an unwarranted talismanic effect." *United States v. Santore*, 290 F.2d 51, 82 (2d Cir.1960) (en banc) (Friendly, J., concurring).

On the other end of the spectrum, even relatively protracted periods of possession have been held to be within the passing control doctrine when the possessor's ultimate purpose was to dispose of drugs lawfully and the period of possession was reasonable to allow a decision on the precise means for disposal. *See, e.g., People v. Cole*, 202 Cal.App.3d 1439, 249 Cal. Rptr. 601 (Cal.App.1988); *but see People v. Ballard*, 212 Cal.App.3d 1171, 261 Cal.Rptr. 82 (Cal. App.1989).

In *Adams v. State*, we considered a supplemental instruction that defined passing control to include "only such a period of time as is reasonably necessary for the possessor to learn of the nature of the substance and to make a legal disposition of it...." 706 P.2d at 1185 (emphasis deleted). Although we found reversible error stemming from the language that required the disposal to be by lawful means, we did not otherwise disapprove of the instruction. We noted that the Model Penal Code, § 201(4), states: "Possession is an act, within the meaning of this section, if the possessor knowingly procured or received the thing possessed or was aware of his control thereof for a sufficient period to have been able to terminate his possession." *Id.* at 1186.