(91 South. 349)

No. 25078.

### STATE v. STEPHENS.

(March 4, 1922. Rehearing Denied March 27, 1922.)

*(Syllabus by Editorial Staff.)*

1. Burglary ⚖═9(3)—Statute construed to make breaking and entering in daytime with intent to steal burglary.

In Rev. St. § 854, providing that whoever, with intent to commit certain crimes, shall "in the daytime break or enter any dwelling house," shall be imprisoned, etc., the word "or" should be "and," and the section is designed to punish for burglary, and the offense to be within the statute, if committed in the daytime, must include both a breaking and entering.

2. Burglary ⚖═9(3)—Entering an open store in daytime with intent to steal is not burglary.

Entering an open store in the daytime with intent to steal is not burglary.

**3. Jury ⬤⟹22(2)—Verdict of larceny of less than $20 will not support conviction, the indictment being triable only by a judge without a jury.**

Where an indictment under Rev. St. § 854, was for entering a store with intent to commit a crime, and stealing a pair of shoes of the value of $7.50, although good as an indictment for larceny, a sentence cannot be imposed upon a verdict of guilty by a jury since by Const. 1921, art. 7, § 41, all cases in which the punishment may not be at hard labor must be tried by a judge without a jury, and under Act No. 107 of 1902 a larceny of less than $20 is not punishable by hard labor.

Appeal from Eleventh Judicial District Court, Parish of Natchitoches; Jas. W. Jones, Jr., Judge.

William Stephens was convicted of entering a store with intent to commit a crime and stealing property, and he appeals. Verdict and sentence annulled, and case remanded.

M. L. Dismukes, of Natchitoches, for appellant.

A. V. Coco, Atty. Gen., and S. R. Thomas, Dist. Atty., of Coushatta (T. S. Walmsley, of New Orleans, of counsel), for the State.

By the WHOLE COURT.

PROVOSTY, C. J. [1] The indictment against accused reads that—

He did "willfully, knowingly and maliciously and feloniously and with intent to commit a crime, in the daytime, enter the store of one L. H. Johnson and did then and there feloniously steal, take and carry away with the intent to appropriate the same to his own use, one pair of shoes of the value of seven dollars and fifty cents the personal property of one L. H. Johnson."

He was found "guilty as charged," and was sentenced to the penitentiary for not less than two nor more than three years.

For larceny of less than $20 value, the punishment cannot exceed six months in the parish jail. Act 107, p. 161, of 1902. Hence the sentence of two or three years in the penitentiary must have been for entering in the daytime with intent to steal, under section 854 of the R. S., reading:

"Sec. 854. Whoever, with intent to kill, rob. steal, commit a rape, or any other crime, shall in the nighttime enter without breaking, or in the daytime break or enter any dwelling house, or outhouse thereto adjoining and occupied therewith, or any office, shop, or warehouse, or any vessel, and every person present aiding and or abetting in the commission of such offense, or who shall have counseled, hired or procured the same to have been committed, on conviction shall be imprisoned at hard labor not exceeding five years, and fined not exceeding one thousand dollars."

In this statute, the "or" between the words "break" and "enter," in the sentence, "Whoever with intent to steal shall break or enter a shop in the daytime," should be "and." The act designed to be punished is a breaking and entering; not a mere entering. This is evident from the patent fact that it could not possibly have been the intention to punish as burglary the act of merely entering a store in the daytime with intent to steal; and is evident also from the context, which is as follows:

"Sec. 850. Whoever, with the intent to kill, rob, steal, commit rape, or any other crime, shall, in the nighttime, break and enter, or having, with such intent, entered in the nighttime, break a dwelling house, any person being lawfully therein, and such offender being, at the time of such breaking or entering, armed with a dangerous weapon, or arming himself in such house with a dangerous weapon, or committing an actual assault upon any person, lawfully being in such house; any person present aiding, assisting or consenting in such burglary, or accessory thereto before the fact by counseling, hiring or procuring such burglary to be committed, on conviction shall suffer the punishment of death.

"Sec. 851. Whoever, with intent to kill, rob, steal, commit a rape, or any other crime, shall, in the nighttime, break and enter, or having with such intent entered, shall, in the nighttime, break a dwelling house, without being armed with a dangerous weapon, or without arming himself in such house with a dangerous weapon, and without committing an assault upon any person lawfully being in such house, and every person present aiding and abetting

in such burglary, or accessory thereto before the fact by counseling, or hiring, or procuring such burglary to be committed, on conviction shall be imprisoned at hard labor not exceeding fourteen years.

"Sec. 852. Whoever, with intent to kill, rob, steal, commit a rape, or any other crime, shall in the nighttime break and enter into any shop, store, courthouse, church, barn, rice or sugar house, cotton gin, office, warehouse, or any outhouse appurtenant to a dwelling house, plantation, or any vessel, or having with such felonious intent entered, shall in the nighttime break any such house, building, or vessel, and every person present aiding, assisting or consenting in such burglary, or accessory thereto before the fact, by counseling, hiring or procuring such burglary to be committed, on conviction shall suffer imprisonment at hard labor not exceeding ten years.

"Sec. 853. If any person shall knowingly harbor, conceal, maintain or assist any principal offender or accessory thereto, before the fact, he shall suffer imprisonment at hard labor not exceeding five years."

Then follows the said section 854.

These sections of the Revised Statutes are found under the rubric, "Offenses Against Habitations, etc." They were reproduced from Act 120, p. 137, of 1855, which itself was a reproduction, with slight modifications of Act approved March 20, 1818, p. 168, which in turn was designed to provide for the different phases of the crime against habitations known at common law as burglary. Previous to 1818 the only provision for this crime was section 5 of the Act of May 4, 1805 (Lislet's Dig. 1828, p. 362), reading:

"Every person who shall commit the crime of burglary, and be thereof convicted, shall be" punished, etc.

In the Act of 1855, as in the Revised Statutes of 1870, the said section 854 is found under the rubric, "Offenses Against Habitations, etc." And the French text reads: "Entrera pendant la nuit sans faire effraction, ou pendant le jour entréra avec effraction;" anglice, "shall in the nighttime enter without breaking, or in the daytime break and enter."

The marginal note to section 7 of the Act of 1818 (the corresponding section to section 854, R. S.), as reproduced in the Digest of Statutes of 1828, is "Punishment for entering without breaking, in the nighttime or breaking in the daytime, a dwelling house," etc.

[2] The entering an open store in the daytime is not a crime against the habitation, even though the intent may be to steal. The opening of the doors of the store is an invitation to enter; hence the intention cannot possibly have been to make the mere entering a crime. It is against all reason, for instance, that a person entering one of the large department stores of this city with the intention of shoplifting should be punished as for burglary. Such an act is certainly not an offense against habitations.

Our conclusion is that the said statute should read "or in the daytime shall break and enter," and that the accused, not having been charged with breaking, has been sentenced under a misreading of the said statute, or, in other words, for an act which is not a crime.

[3] No sentence at all can be imposed. For while the indictment is good for larceny, and the accused may be said to have been tried for, and found guilty of, that offense as well as of entering a store with intent to steal, it has been by an incompetent tribunal—a jury —whereas, by article 7, § 41, of the Constitution, "all cases in which the punishment may not be at hard labor shall * * * be tried by the judge without a jury," and the larceny charged, being of less than $20, is not so punishable. Act 107 of 1902, supra.

The verdict and sentence are therefore annulled, and the case is remanded for trial for larceny.

Rehearing refused by the WHOLE COURT.