No. 10,743.

WHALEN, ET AL. *v.* THE PEOPLE.

Decided January 7, 1924.

Plaintiffs in error were convicted of malfeasance in office.

*Reversed.*

*On Application for Supersedeas.*

1. CRIMINAL LAW—*Indictment—Sufficiency.* An indictment against county commissioners charging that they were wilfully and corruptly guilty of malfeasance, in that they did illegally expend and cause to be spent funds of the county, held to charge a violation of an official duty under the provisions of section 6819, C. L. '21.

2. *County Commissioner—Term Expired.* The provisions of section 6819, C. L. '21, are applicable to an official violating the terms thereof, although his term of office has expired when the indictment is filed against him.

3. *County Commissioner—Malfeasance in Office—Gain.* In a prosecution of county commissioners for malfeasance in office, under the indictment and facts presented, it is held that it was not necessary for the court to specifically instruct the jury that defendants' intention to obtain for themselves, or a third person, unlawful gain at the expense of the county, was an essential element of the offense.

4. INSTRUCTIONS—*Requested.* There is no error in the refusal of requested instructions which are covered by the instructions given by the court.

5. APPEAL AND ERROR—*Instructions.* A defendant in a criminal case can take no advantage of erroneous instructions of the court, which are in favor of, and not against him.

6. COUNTY COMMISSIONERS—*Malfeasance.* In a criminal prosecution of county commissioners for malfeasance in office, where the jury was instructed that defendants could only be convicted for causing money of the county to be spent for meals and

music in the entertainment of a visiting organization, if they acted viciously or wilfully, knowing their acts to be wrongful, and performed with a bad purpose or intent and without justifiable excuse, and there was no evidence of such bad purpose or intent, a verdict of guilty will be set aside.

7.  CRIMINAL LAW—*Defense—Ignorance of the Law.* In a prosecution of county commissioners for causing money of the county to be spent for intoxicating liquors, such purchase being forbidden by the criminal law, they could not plead in defense their ignorance of the law, or a laudable motive for its violation.

8.  APPEAL AND ERROR—*Instructions—Verdict.* A general verdict of guilty having been returned against defendants in a criminal case for acts, a part of which under the indictment and proof were illegal, and others legal, and the jury not having been properly instructed on request as to that branch of the case, the judgment is reversed.

*Error to the District Court of Gunnison County, Hon. Straud M. Logan, Judge.*

Messrs. MOYNIHAN, HUGHES, KNOUS & FAUBER, for plaintiffs in error.

Mr. RUSSELL W. FLEMING, Attorney General, Mr. HAROLD C. THOMPSON, Assistant, Mr. CHARLES M. WHITE, Assistant, for the people.

*En banc:*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFFS in error, hereinafter referred to as defendants, were indicted for malfeasance in office as county commissioners of Gunnison county. A verdict of guilty was returned as to each. Thereupon they were fined $200, and Sullivan and Knowles ordered removed from office. To review that judgment, defendants prosecute this writ and ask that it be made a supersedeas.

That portion of the statute under which the indictment herein was returned reads as follows: "Every * * * county commissioner * * * who shall wilfully and cor-

ruptly be guilty of oppression, malfeasance or partiality in the discharge of his official duties, shall upon conviction thereof be fined in a sum not exceeding two hundred dollars. And the court shall have power upon the recommendation of the jury to add to the judgment of the court that any officer so convicted shall be removed from office." Sec. 1751 R. S. 1908 p. 537, Sec. 6819 C. L. 1921 p. 1761.

The indictment recites that said defendants, "between the 1st day of June, 1922, and the 1st day of August in the year of our Lord one thousand nine hundred and twenty-two at and within the county aforesaid, then and there being, were and the said George Sullivan and Ted Knowles now are the duly elected, qualified and acting county commissioners of Gunnison County, Colo., and the said W. H. Whalen, George Sullivan and Ted Knowles, as such county commissioners, were then and there willfully, unlawfully and corruptly guilty of malfeasance in the discharge of their official duties in that they did then and there willfully, unlawfully, corruptly and illegally expend and cause to be spent of the funds of Gunnison County the sum of $379.10 for intoxicating liquors, dinners, banquets, music, sodas, cigars and miscellaneous expense, for entertainment purposes; * * *."

The indictment was returned April 23, 1923, and was thereafter supplemented by a bill of particulars. All defendants moved to quash, because no offense was charged. Defendant Whalen also moved to quash on the ground that the statute in question was not applicable to him. Both motions were overruled. The jury was impaneled and sworn May 21, 1923. At the close of the people's evidence, defendants moved for an instructed verdict on the ground that there was no proof of willfulness and corruption. That motion was overruled. The verdict was returned May 25, 1923, and it was therein recommended that Sullivan and Knowles be removed from office. Motion for a new trial was filed and overruled and judgment entered on the verdict.

There appears to be no material disagreement as to the

following facts: The second highway district of Colorado includes numerous counties in the western portion of the state, and among them the county of Gunnison. The highway advisory board is empowered to designate those highways which are constructed and maintained by the State. In adjusting expenditures thereon, it is the duty of the board to receive and consider the recommendations of county commissioners. Under federal legislation and regulation certain main arteries of traffic in the state, designated as "primary highways," receive a percentage of their maintenance cost from the federal government. Running through the western portion of Colorado is the "Rainbow Route," a section of a transcontinental road. Gunnison county, one of the chief beneficiaries of tourist travel, was interested in having a portion of her highways incorporated in the Rainbow Route, and that route as so modified, declared a primary highway, thus throwing the principal stream of traffic through the town of Gunnison, the county seat, and insuring state maintenance and federal aid. On these and related subjects there was considerable diversity of opinion among the county commissioners of the second district. A better understanding of the highway problems confronting the section seemed indispensable to harmonious action. To that end the county commissioners of Gunnison county invited the commissioners of the second district to convene at Gunnison and authorized arrangements for their refreshment and entertainment. The meeting was accordingly held, and the result seems to have been entirely satisfactory.

There is no material dispute as to the commissioners' authorization for refreshment and entertainment, their allowance of the bills therefor, and the payment of the same by the county, save as to the single question of intoxicating liquor. On that subject it is the contention of the people that such authorization, allowance and payment, included approximately $120.00 for whiskey. It is the contention of defendants that liquor was furnished by Whalen, Knowles and the county clerk; that so far as Knowles and

Whalen were concerned their action in the premises was personal and individual; that neither as commissioners nor otherwise did they authorize the purchase of liquor on account of Gunnison county, nor knowingly allow any claims therefor; and that the county clerk made up the bills, concealed therein liquor claims under such designations as "conveying passengers" and "miscellaneous expense," and so "slipped them over" on the commissioners. Both positions are supported by evidence.

The principal points here urged are: (1) The indictment charges no violation of official duty. (2) The statute in question has no application to one not in office at the time of the filing of the indictment. (3) The court erroneously instructed the jury as to the meaning of the terms "willfully" and "corruptly." (4) Defendants' requested instruction No. 30 was erroneously refused. (5) The *admitted* allowance of claims was not shown to be in violation of the statute, the evidence was insufficient to support the verdict, and the motion for new trial should have been granted.

1. It is said that it is no part of the duties of county commissioners "to expend" county funds, and that the indictment fails to charge it was a part of their duty to "cause to be spent" said funds. The indictment charges defendants with corruptly causing the county money to be spent, and the bill of particulars informs them that this charge is based on their allowance of certain claims. Those claims could only be allowed by the commissioners. Such allowance would "cause" payment by the treasurer. If the claims were corruptly allowed, the commissioners by that act corruptly caused the county money to be spent.

Counsel for defendants base their argument on this point upon the decision of this court in *Schraeder v. People,* 73 Colo. 400, 215 Pac. 869, wherein we held that an information charging violation of an official duty "not an absolute one" must recite the fact which makes the duty absolute. In that case a sheriff was charged with "extorsively" receiving money for omitting to serve a warrant

issued by a justice of the peace.  The information did not allege that the warrant was delivered to the sheriff for service.  Upon such delivery the duty to serve rested.  The warrant might have been delivered to a constable.  If so, no duty devolved upon the sheriff.  If in the instant case the school board and the county commissioners had concurrent authority to allow the claims in question, it would be necessary to allege in the indictment that they were presented for allowance to the commissioners.  The Schraeder Case would then be in point.  In the light of the information contained in this indictment and supplemented by the bill of particulars, that authority has no application.

2.  When this indictment was filed, the term of defendant Whalen had expired, and for that reason he insists that the statute is not applicable to him.  The argument is based upon that portion thereof concerning removal from office.  It is ingeniously conceived and skillfully presented, but is too far-fetched to hold us long.  The legislative intent merely to provide an additional penalty in aggravated cases and where applicable is, we think, clearly apparent.  Had the statute specifically directed that the fine imposed should be a perpetual lien upon the defendant's real estate, it might with equal force have been argued that the act was applicable only to freeholders.

3.  Objection is made because the court did not specifically instruct the jury that defendants' intention to obtain for themselves, or some third person, unlawful gain at the expense of the county was an essential element of the offense.  The jury was instructed that the act charged must be done viciously or wickedly, with knowledge that it was wrong and unlawful, and done with a bad purpose or intent and without justifiable excuse.  That the element of willfulness was thereby fully covered requires no argument, and the same appears to us true as to the element of corruption.  Authorities are cited which seem to support defendants' position but in those cases different facts required different instructions.  If the act charged depended entirely for its corrupt character on the element of unlaw-

ful gain it would of course be necessary to so instruct. Counsel's definition in the instant case is too narrow. The knowing and willful employment of unlawful means even to attain just ends, such for instance, as the use of county funds for the bribery of a jury to return a just verdict, may constitute corruption; also such use of unlawful means for the injury of another, although no gain may thereby accrue to any one.

4. Defendants' requested instruction No. 30, refused by the court, advised the jury that defendants could not be presumed to know all the law relating to their official duties, but that knowledge thereof, as such law related to the acts in question, must be proved. Assuming the correctness of this proposition, it was covered in numerous instructions given. If the court erred in this particular, that error was in favor of defendants, not against them.

5. While this indictment contains but a single count, the expenditures upon whose alleged authorization it rests are clearly divisible (not only as to their character but also as to the evidence supporting them and the instructions applicable to them) into two classes: (1) Intoxicating liquor; (2) meals, music, etc.

Assuming the correctness of the instructions as applied to the second class, defendants could only be convicted of malfeasance for causing the money of the county to be expended for these things, if they acted viciously or willfully knowing their acts to be wrongful, and performed with a bad purpose or intent, and without justifiable excuse. Not only is the record absolutely devoid of evidence of such facts, but all the evidence is positively to the contrary. Each of defendants was cognizant of a standing and hitherto unquestioned custom of making similar expenditures under circumstances believed by the commissioners to be beneficial to the county. No question of the legality of the expenditures in this second class was raised by any one and each of the defendants believed them to be legal and proper. The county attorney knew of the plan to make

them and of the allowance by the board of the bills to cover them and never suggested a possible objection thereto.

The alleged expenditures for intoxicating liquor, as to which the evidence was positive and directly conflicting, rest upon an entirely different ground. The purchase of meals, music, etc., is ordinarily legal, but such purchase of intoxicating liquor is forbidden by the criminal law, and these commissioners were not only presumed personally, but officially as well, to know that law. If they knowingly authorized the expenditure of county funds for such a purchase, it would be as absurd to say that such act was not corruptly done, as to make the same argument, had they allowed claims for bribery or perjury. If it be answered that such expenditures would incidentally be for the gain of the persons bribed or suborned, and the definition of "corruptly" contended for by the defense be thus met, we reply that the expenditure for liquor was incidentally for the gain of the dealer therein, and defendants would be guilty under their own definition of the term. The authorities cited need not be examined. Suffice it to say that none have been called to our attention which would authorize an official charged with corruption involving the violation of a general criminal statute to plead in defense either his ignorance of the law's existence or his laudable motive for its violation. Further analysis is superfluous.

It follows from the foregoing that unless these two classes of expenditures can be separated, so that this court is able to say that defendants were convicted of causing the county funds to be spent for the first, and not for the second, the judgment can not stand.

Examining the record before us as it relates to this subject, we find that the whole question of what expenditures were legal and what were illegal was left to the determination of the jury without any guidance from the trial court. Defendants' requested instruction No. 31 was refused and an exception saved to that ruling. The tenth paragraph of the motion for a new trial and the tenth assignment of error are based thereon. Said instruction advised the

jurors that if they believed the claims, which it was admitted included no intoxicating liquor, were the only ones knowingly allowed, defendants must be acquitted. That instruction was correct and as the proposition was not otherwise covered its refusal was error.

There was evidence to support a conviction of defendants for allowing claims against the county for intoxicating liquor. There was no evidence to support a conviction for allowing any other claims. All were, however, submitted to the jury. For that error the motion for a new trial should have been granted.

The judgment is accordingly reversed and the cause remanded.