58 So.2d 556

**STATE v. ROUTE.**

No. 40667.

March 24, 1952.

Rehearing Denied April 28, 1952.

———◇———

Eugene Stanley, New Orleans, for defendant-appellant.

Bolivar E. Kemp, Jr., Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Severn T. Darden, Dist. Atty., Allen R. Fontenot and James P. Screen, Asst. Dist. Attys., all of New Orleans, for appellee.

PONDER, Justice.

The defendant was charged in an indictment with having "committed simple burglary of a room or structure, No. 842 National Bank of Commerce Building, belonging to Waterman Steamship Company, an Alabama corporation, authorized to do business in the City of New Orleans, with intent to commit a theft therein." He was tried, convicted and sentenced to serve nine years in the penitentiary. He has appealed from the conviction and sentence.

During the course of the trial, two bills of exceptions were taken to the rulings of the trial judge. Bill of exception No. 1 was taken to the overruling of a motion for a new trial based on the ground that the entering of a public office with intent to commit theft does not constitute the offense of simple burglary as denounced by Section 14:62 of the Revised Statutes. LSA–R.S. 14:62. Counsel for the defendant contends that the entry could not be considered unauthorized because the office is open to the general public during business hours. In support of his contention he cites the case of State v. Stephens, 150 La. 944, 91 So. 349, 23 A.L. R. 286, wherein it was stated that the entering of an open store in the daytime is not a crime against the habitation, even though the intent may be to steal, and stating that the opening of the doors of the store is an invitation to enter. The pronouncements in the Stephens case cannot be controlling in the case under consideration for the reason that the offices of the steamship corporation are private offices located in an office building. The defendant did not enter the offices with the view of transacting business with the corporation. His entry was unauthorized and with the intent to commit theft. Such being the case, we find no merit in the bill of exception.

Bill of exception No. 2 was taken to the overruling of a motion in arrest of judgment based on the ground that the entry of a room in an office building with intent to commit theft does not constitute an offense because the statute covers merely the unauthorized entering of any vehicle, watercraft, dwelling or other structure, movable or immovable, etc. Counsel for the defendant contends that the words, "or other structure," mean a structure similar to a dwelling. The statute is broad in its terms and from a mere reading it is apparent that the language used is all embrasive and designed to eliminate a recital of the various structures, movable or immovable, intended to be covered.

Counsel for the defendant contends that the statute is limited to structures similar to vehicles, watercraft and dwellings un-

der the doctrine of ejusdem generis. He has cited authorities defining ejusdem generis and decisions of this court where this doctrine was applied. The authorities cited are not in point for the reason that they involve entirely different language from that used in this statute. As pointed out heretofore, the language used in this statute is designed to cover all structures, movable or immovable, whether they be vehicles, watercraft, dwellings or other structures. As pointed out in the reporter's comment, under this statute all types of entering not classified as aggravated burglary are intended to be included. The comment is consonant with the wording of the statute.

For the reasons assigned, the conviction and sentence are affirmed.