No. 22450.

THE PEOPLE OF THE STATE OF COLORADO *v.*
GEORGE CARSTENSEN.
(420 P.2d 820)

Decided December 12, 1966.

H. R. HARWARD, District Attorney, BRUCE JOHNSON,
Assistant, DUKE W. DUNBAR, Attorney General, for plain-
tiff in error.

No appearance for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE SUTTON delivered the opinion of the
Court.

THIS is a writ of error brought on behalf of the People
pursuant to C.R.S. 1963, 39-7-26(2) to review a judg-

ment of the district court which dismissed a charge of burglary against defendant in error, George Carstensen.

The record discloses that Carstensen, as defendant in the trial court, was charged with three criminal counts, viz: burglary, larceny, and receiving stolen goods.

The evidence is that the defendant had been hired by one Riffey to paint his apartment in a hotel building in Canon City; that defendant lived across the hall and each time he worked in Riffey's abode, Riffey would unlock his door to let Carstensen in, but would not remain while the work was being done. Sometime after the work was completed, Riffey discovered that a television set, which he had stored in his apartment, was missing; it was later found by the police in the defendant's new place of residence.

Carstensen first moved for a dismissal of the burglary count following the People's case. The motion was denied. He then took the witness stand and testified that his work in the apartment went on for a month and that he took the television set after he had worked there about two weeks.

At the close of all the evidence, on motion, the counts of burglary and receiving were dismissed, and the defendant then pled guilty to the charge of larceny.

 In granting the dismissal, the trial court reasoned that the defendant had permission to enter Riffey's apartment to paint and that he was still engaged in the overall transaction when the theft occurred, therefore, he could not be guilty of either burglary or receiving stolen goods.

It is urged that we disapprove the judgment in view of *all* the evidence presented and that we overrule our decision in *Stowell v. People,* 104 Colo. 255, 90 P.2d 520 (1939). It is also urged that it was solely a question for the jury as to whether defendant's testimony should have been believed, *i.e.* that it was a question of fact as to when and how the set was taken.

As to the first issue, we held in *Stowell* that had the defendant not been furnished with a key and had he not been given authority to enter the building, "the evidence would have supported a conviction of burglary under the statute." The same thing can be said here. For if Riffey had not unlocked the apartment, as the work progressed, and if the defendant had not been given permission to enter, then the theft would have been the result of an unlawful breaking or entering which in turn would support a conviction of burglary.

In our view *Stowell* is still the law and is fully applicable here. We do not agree with the People that the so-called California Rule apparently first announced in *People v. Barry,* 94 Cal. 481, 29 Pac. 1026 (1892), and followed there as recently as in *People v. Deptula,* 23 Cal. Rptr. 366, 373 P.2d 430 (1962), is or should be the law in Colorado. To so hold would mean the adoption of a rule that one who enters a building, even with the permission of the owner, but with intent to commit a theft therein, would *a fortiori* be guilty of burglary. *Intent at the time of entry* in Colorado is not the sole element of burglary under our statute (C.R.S. 1963, 40-3-5) as heretofore interpreted by the court. For further discussion of the various holdings on this subject, see 93 A.L.R.2d 525 and annotations thereto which cite many other jurisdictions as supporting the rule we enunciated in *Stowell, supra.*

Due to our agreement with the trial court as to the first ground we need not comment on the second issue aforementioned.

The judgment is approved.