## No. 24680

## Leo Santistevan, also known as Leo John Santistevan v. The People of the State of Colorado
(494 P.2d 75)

Decided February 28, 1972.

Seavy, Abbot & Jensen, Alan N. Jensen, for plaintiff in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Richard G. McManus, Jr., Assistant, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE GROVES.

The defendant Santistevan was convicted of burglary in the first degree, theft of furniture valued at $217, and conspiracy to commit burglary and theft. We reverse as to the burglary conviction and affirm as to the other two.

The defendant testified that he removed the furniture from the house in which it was located, but that he did so with permission. Prior to the time the furniture was removed, the tenants occupying the dwelling had permanently vacated it. The premises were not leased until after the removal of the furniture by the defendant.

In an order signed by the trial judge on December 8, 1969, the defendant was sentenced on each of the three counts to serve a term in the penitentiary of not less than 4 1/2 years nor more than 7 years, the sentences as to burglary and theft to be served concurrently and the sentence as to conspiracy to be served consecutively to the other sentences. In judgments and sentences as to each of the three counts entered by the trial court on March 12, 1970, it is provided in each that all three sentences are to be served concurrently.

I.

■■ The questions of guilt and burglary in the first degree and of burglary in the second degree were submitted to the jury, and it found the defendant guilty of first degree burglary. The premises involved in the applicable portion of the statute relating to burglary in the first degree are described as "Any humanly inhabited dwelling house, building, railroad car, or trailer, even though the inhabitants may

be temporarily absent therefrom. . . ." 1965 Perm. Supp., C.R.S. 1963, 40-3-5(1)(b). Section (2) of this statute describes the premises involved in second degree burglary as "any building, railroad car, or trailer. . . ."

The structure in this case was not an "inhabited dwelling house." It was uninhabited from the time that the previous tenants vacated it until it again became inhabited.

The attorney general has argued that, since the second degree burglary statute does not contain the words "dwelling house," the words "humanly inhabited" in the first degree statute only modify the words "building, railroad car, or trailer." We are not persuaded by this argument. The conviction of burglary in the first degree must be reversed.

## II.

The defendant contends that the jury, having reached an erroneous verdict as to one count, may have made some latent error in reaching their other verdicts. He cites *Whalen v. People,* 74 Colo. 417, 222 P. 398 (1924), which we do not find in point. Rather, under *Ruark v. People,* 158 Colo. 287, 406 P.2d 91 (1965), the reversal of a conviction as to one count in an information does not indicate similar action as to all counts, unless prejudice is shown. The record does not reflect any prejudice on the part of the jury.

## III.

The defendant, assuming that the conspiracy sentence is to run consecutively, asserts that the sentences are invalid for several reasons. The governing judgments here are those which made the serving of the sentences concurrent. The argument, therefore, falls.

The judgment of conviction of theft and conspiracy is affirmed, the judgment of conviction of burglary is reversed, and the cause is remanded with directions to enter a judgment of acquittal of burglary in the first degree.

MR. JUSTICE DAY, MR. JUSTICE HODGES and MR. JUSTICE ERICKSON concur.