No. 25182

The People of the State of Colorado v.
Richard Allen Peery and Jon H. Knickerbocker
(503 P.2d 350)

Decided November 27, 1972.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, E. Ronald Beeks, Assistant, for plaintiff-appellee.

R. A. Santarelli, for defendant-appellant Jon H. Knicker-bocker.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

Defendant Jon Knickerbocker appeals from his conviction with co-defendant Richard Allen Peery for burglary and conspiracy to commit burglary, respectively, 1967 Perm. Supp., C.R.S. 1963, 40-3-5(2)(a) and C.R.S. 1963, 40-7-35. Peery is not prosecuting an appeal at this time.

Evidence adduced at trial reveals that on the night of February 19, 1970, defendant and Peery were apprehended by police officers inside an unoccupied private home, the Teachout estate, in Gunnison, Colorado. Defendant and Peery were arrested, advised of their rights and the charges against them, and taken to the police station. Defendant and Peery thereafter stated to the arresting officer that they had been in the Teachout house for 45 minutes and had propped a broom against the door through which they entered. In a joint trial to a jury, the arresting officer's testimony regarding these statements previously made by defendant and Peery was admitted into evidence over objection of defense counsel.

Defendant contends here that: (1) the burglary statute under which he was convicted is unconstitutional on the ground that it does not require an unlawful or unauthorized entry; (2) the trial court erred in admitting testimony regarding acts allegedly done and damaging statements made by the co-conspirators after the alleged conspiracy to burglarize was consummated; (3) the court erred in not granting a requested continuance; and (4) jury misconduct required reversal.

We do not agree with these contentions and therefore affirm the judgment.

I.

The burglary statute, 1967 Perm. Supp., C.R.S. 1963, 40-3-5(2)(a), reads in pertinent part:

"Every person who shall willfully and forcibly break and enter or willfully, without force, enter any public or private building ... with intent to commit ... (a) felony or misdemeanor ... shall be deemed guilty of burglary in the second degree . . . ."

■ The defendant argues that the statute as written permits one who enters a building legally to be convicted for merely having an intent to commit a crime without more. This, he contends is unconstitutional, for it permits punishment for mere thought. While not explicitly requiring an unauthorized entry, this section of the burglary statute and like sections of previous burglary statutes have always been interpreted by this Court as requiring an *unauthorized* entry as well as the intent to commit a felony or misdemeanor. *Macias v. People,* 161 Colo. 233, 421 P.2d 116; *People v. Carstensen,* 161 Colo. 249, 420 P.2d 820; *Stowell v. People,* 104 Colo. 255, 90 P.2d 520. *See also* Annot., 93 A.L.R.2d 531. We adhere to that position. Defendant's contention that conviction can be predicated on thought alone therefore has no merit.

II.

Secondly, defendant contends that the testimony of the police officer regarding statements made to him by the defendant and Peery should not have been admissible at trial. It is defendant's position that, since the conspiracy to burglarize was consummated upon defendant's and Peery's entrance into the house, statements made by either of the co-conspirators subsequent to this time are not admissible against the other conspirator during joint trial.

■ We do not express any opinion as to when the conspiracy was actually ended. We do adhere to the well-settled proposition that acts or declarations made by one of the conspirators outside of the presence of other conspirators, after the consummation of the conspiracy, are inadmissible against other conspirators jointly charged. *Smith v. People,* 38 Colo. 509, 88 P. 453; *Davis v. People,* 22 Colo. 1,

43 P. 122. However, that rule is not applicable here with respect to this issue. The testimony of the police officer states in relevant part:

"A . . . They said they had been in the house approximately 45 minutes and they had been on all three floors . . . and that they said that they had propped the broom up against the door."

The record indicates, and defendant has not asserted otherwise, that such statements by both defendant and Peery were made in the presence of each other. Also, the record implies that both defendant and Peery gave the same story to the attesting officer, neither of them denying any part of the admissions. No argument has been made as to the voluntariness of such statements, as both defendant and Peery were advised of their *Miranda* rights prior to the solicitations of the admissions. Such voluntary statements made by each defendant were clearly admissible against that defendant at trial. As both defendants gave the same story, any prejudice to one defendant which might have resulted due to the admission of testimony as to the statements of the other is at best conjectural.

 The defendant also complains that the trial court erred in admitting testimony that certain items on the burglarized premises had been moved from their previous locations to a centralized location on the day of the burglary. Again, defendant contends that, as the conspiracy ended upon entrance into the building, subsequent acts of one conspirator are not admissible against other conspirators in joint trial. The testimony was properly admissible with reference to the burglary charge, for this Court has held that acts subsequent to entry are admissible to allow the jury to infer the requisite intent for the crime charged. *Keller v. People,* 153 Colo. 590, 387 P.2d 421.

### III.

 Defendant also contends that the trial court erred in not granting a second continuance upon the appointment of new counsel by defendant. Granting a continuance is a matter resting within the sound discretion of the trial court,

and this Court will not reverse such a decision without an affimative showing of prejudice resulting from denial of such motion. *Johnson v. People,* 172 Colo. 72, 470 P.2d 37. Defendant has made no such showing here.

IV.

■ Lastly, defendant argues, that the trial court erred in not granting a new trial because a juror alledgedly made a phone call out of the bailiff's presence. However, it is incumbent upon the defendant to show he was prejudiced by the juror's misconduct. *Moore v. People,* 125 Colo. 306, 243 P.2d 425. Again, no potential or actual prejudice has been alleged or shown by defendant as a result of such action.

The judgment is affirmed.

MR. JUSTICE ERICKSON does not participate.