No. 25360

The People of the State of Colorado v.
Nathaniel Woods, a/k/a Nathaeniel Woods
(510 P.2d 435)

Decided May 29, 1973.

4

Carl Parlapiano, District Attorney, Daniel J. Sears, Deputy, for plaintiff-appellant.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, R. D. Jorgensen, Deputy, for defendant-appellee.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

Defendant Nathaniel Woods was charged with second-degree burglary pursuant to 1967 Perm. Supp., C.R.S. 1963, 40-3-5(2)(a). A trial to jury was commenced on September 28, 1971. At the close of the People's case, the defendant moved for a judgment of acquittal. The trial court, citing *People v. Carstensen,* 161 Colo. 249, 420 P.2d 820, ruled that defendant could not be found guilty of burglary since he had the authority to enter the office in question; and also, since defendant had not been charged with theft, the

motion for judgment of acquittal must be sustained. On appeal, the People ask this court to disapprove the trial judge's ruling. We point out no matter what our decision here, the defendant could not be retried because of the principle of double jeopardy. *Markiewicz v. Black,* 138 Colo. 128, 330 P.2d 539. Appeals by district attorneys should, therefore, be made only on questions of law which have precedential value for future action by trial judges. *See People v. Kirkland,* 174 Colo. 362, 483 P.2d 1349.

The facts adduced at the trial indicate the defendant was working as a janitor in the Bon Durant Building in Pueblo, Colorado on the night a theft occurred in an office located on the third floor of the building. The People admitted in the information that defendant was lawfully in the building on the night in question. Testimony from the acting supervisor of the janitorial staff established that he had given defendant orders to clean the offices on the third floor and had given him the keys to those offices. There was some testimony from a Mr. Strickland, the regular supervisor, which was rather vague and ambiguous at best concerning what authority defendant had to clean the third floor.

The People contend that the court misapplied the law as promulgated by *People v. Carstensen, supra,* and *Stowell v. People,* 104 Colo. 255, 90 P.2d 520. We do not agree. The fact situation in this case is unique. Frankly, in light of the People's admission that *Carstensen* and *Stowell* are the law in Colorado, we fail to see any precedential value to the appeal in this case. The trial court, in looking at the People's evidence, apparently found that it showed that defendant had the authority to enter the office in question and that Strickland's testimony really raised no issue on that point. We perceive no error in this ruling.

The ruling is affirmed.