## No. 25456

### The People of the State of Colorado v. Eloy Diaz
(513 P.2d 444)

Decided August 27, 1973.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, David A. Sorenson, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Lee Belstock, Deputy, for defendant-appellant.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

Defendant, Eloy Diaz, was tried and convicted of burglary and theft, in violation of 1967 Perm. Supp., C.R.S. 1963,

40-3-5 and 1967 Perm. Supp., C.R.S. 1963, 40-5-2, respectively. Defendant was sentenced to three to four years in the state penitentiary on each count, the sentences to run concurrently.

On appeal defendant contests the sufficiency of evidence of both burglary and theft. We agree that the conviction for burglary must be reversed. However, we find the theft conviction supported by the evidence and, therefore, affirm it.

On or about May 1, 1971, the defendant was hired as a caretaker and general helper by the Gobbo Land and Livestock Company, located near the Redlands Dam in Mesa County, Colorado. While so employed the defendant lived on the Gobbo ranch in a two-room house, and was given access to the various buildings and lands which make up the Gobbo ranch. Among the buildings to which defendant had access was the saddle shed, which was identified as the place where the theft occurred.

On May 31, 1971, at approximately 7:00 p.m., a cab driven by one Leland Dunnagan picked up the defendant at Tony's Bar in Grand Junction, Colorado. Dunnagan then drove the defendant to the Gobbo ranch. En route to the ranch the defendant offered to sell a saddle to Dunnagan and Dunnagan expressed some interest in purchasing it. Upon arrival at the ranch the defendant and Dunnagan proceeded to the saddle shed where the defendant exhibited a saddle to Dunnagan. The defendant told Dunnagan he (defendant) owned the saddle and offered to sell it for $25. Dunnagan agreed to the purchase, "if he could raise the money." Dunnagan then removed the saddle and saddle blanket from the shed and put them in the trunk of the cab. The defendant proceeded to remove some chaps and spurs from the ranch house and put them into the back seat of the cab.

Dunnagan then returned to the cab stand where he managed to raise only $15. The defendant agreed to take $15 rather than $25 for the saddle if Dunnagan would not charge him cab fare. Dunnagan then prepared a bill of sale which the defendant signed.

On June 1, 1971, Joe Gobbo, a stockholder in the Gobbo Company, checked the saddle shed and noticed that a saddle and saddle blankets were missing. On June 2, Ray Gobbo, president of the Gobbo Company, called his insurance agent and reported that several items had been stolen, including a saddle which had been left at the Gobbo ranch for safekeeping by one Bryan Bergeson, a part-time employee. At the suggestion of his insurance agent, Ray Gobbo immediately phoned the sheriff's office and reported the theft.

## I.

We deal first with defendant's contention that the evidence does not sustain the burglary conviction. The defendant was charged with that section of the burglary statute which reads: "Every person who shall wilfully and forcibly break and enter, or wilfully, without force, enter any public or private building, . . . with intent to commit larceny . . . shall be deemed guilty of burglary in the second degree . . . ." This court has held that, in addition to unlawful intent at the time of entry, this burglary statute requires the People to prove that the burglary statute requires the People to prove that the defendant had no lawful right to be in the building. *People v. Carstensen,* 161 Colo. 249, 420 P.2d 820. *Stowell v. People,* 104 Colo. 255, 90 P.2d 520. *See also People v. Woods,* 182 Colo. 3, 510 P.2d 435. In short, one element of the crime of burglary under this statute is that the defendant be a trespasser. *Macias v. People,* 161 Colo. 233, 421 P.2d 116.

At the preliminary hearing, the district attorney apparently admitted that the defendant had lawful authority to be in the saddle shed, but erroneously concluded, as did the trial court, that this fact had no legal significance. On appeal the attorney general admits that actual or constructive trespass is a necessary element of the crime of burglary, but maintains that evidence the defendant left the ranch and walked to Grand Junction is sufficient to support the conclusion that defendant had terminated his employment with the Gobbo Company and with it his right to access to the saddle shed. We disagree. The People must prove the

element of trespass, like other material elements of the crime charged, beyond a reasonable doubt. *See People v. Archuleta,* 180 Colo. 156, 503 P.2d 346; *In Re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368. Without more, the fact that the defendant walked to Grand Junction and entered a bar cannot in and of itself sustain a finding that he had terminated his employment and severed his relationship with the Gobbo ranch. In fact, as the record shows, the defendant had not removed his clothing and personal effects when he left the Gobbo ranch for Grand Junction.

Thus, the evidence being insufficient to support a finding that defendant entered the saddle shed without authorization, the burglary conviction must fall.

## II.

The defendant additionally argues that the People failed to produce evidence that the defendant exercised "unauthorized" control over the *saddle,* rendering the evidence of theft of property *in excess of $100* insufficient. In particular, the defendant argues that the People produced no evidence that defendant was *not* authorized by the actual owner of the saddle, Bryan Bergeson, to exert control over it. We have held on numerous occasions that *lack* of consent of *both* the equitable and legal owners of property need *not* be proven to support a conviction for theft. *Raullerson v. People,* 159 Colo. 395, 412 P.2d 236; *Griffin v. People,* 157 Colo. 72, 400 P.2d 928; *Romero v. People,* 134 Colo. 342, 304 P.2d 639. As we stated in *Raullerson, supra,* ". . . ownership (for purposes of the theft statute) may be found either in the real owner or in the person in whose possession the property was at the time of the theft." It was, therefore, sufficient in this case for the People to show that the defendant was not authorized by the Gobbo ranch, in whose possession the saddle was at the time of the theft, to exercise control over this property.

Both Ray and Joe Gobbo testified that, at the time of the theft, they were aware that the defendant was employed as caretaker by the Gobbo ranch. Joe Gobbo further testified that the defendant, as caretaker, lived in a tworoom house

which was located near the saddle shed. Nevertheless, when Joe Gobbo reported to Ray Gobbo that a saddle and other items were missing from the saddle shed, Ray Gobbo immediately phoned both his insurance agent and the sheriff's office to report the missing items as being stolen. This evidence, albeit circumstantial, is sufficient to support the finding that neither the Gobbo Company nor its representatives had given the defendant authorization to remove the saddle from the premises.

### III.

Having concluded that the burglary conviction must be reversed, we must now address the problem of whether to remand for resentencing on the theft conviction alone. As stated previously, the defendant was sentenced to concurrent sentences of three to four years on each count. We hold that where sentences for several convictions run concurrently the fact that one of the convictions is reversed is in and of itself no grounds for disturbing the sentence on the validly obtained convictions. *See Santistevan v. People,* 177 Colo. 329, 494 P.2d 75; *Reynolds v. People,* 172 Colo. 137, 471 P.2d 417, *Clews v. People,* 151 Colo. 219, 377 P.2d 125.

The judgment of conviction of theft is affirmed, the judgment of conviction of burglary is reversed, and the cause is remanded with directions to enter a judgment of acquittal of burglary in the second degree.

MR. JUSTICE DAY, MR. JUSTICE GROVES and MR. JUSTICE LEE do not participate.