**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**
**v.**
**Robert McCORMICK, Defendant–Appellant.**

**No. 87CA1173.**

Colorado Court of Appeals, Div. VI.

June 15, 1989.

Rehearing Denied July 20, 1989.

Certiorari Denied Dec. 18, 1989.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Hope P. McGowan, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, and Thomas M. Van Cleave, III, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge VAN CISE.*

Following a trial to the court, defendant, Robert McCormick, was found guilty of (1) first degree murder, (2) theft of money, (3) theft of personal property, (4) second degree forgery, (5) conspiracy to commit first degree murder, and (6) conspiracy to commit forgery. He appeals only the judgments of conviction entered on the first three counts, arguing that the evidence was insufficient to support finding him guilty of those offenses. As to the appealed judgments, we affirm the first degree murder and reverse the theft convictions.

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const., art. VI, Sec. 5(3),

The prosecution's evidence indicated that the victim was killed by the defendant January 20, 1986, pursuant to an agreement between the defendant and the victim's sixteen-year-old daughter. After the death of the victim, the defendant and the daughter forged and cashed a check on the victim's bank account and took personal property from the home formerly occupied by the victim and his daughter.

In exchange for her agreement to testify at the trial of the defendant, the daughter was granted immunity from prosecution.

I.

Defendant first contends the trial court erred in finding him guilty of first degree murder. He maintains that the court's findings and conclusions demonstrate that the determination of guilt was based on mere probabilities rather than on a standard of proof beyond a reasonable doubt. He further argues that in failing to require the prosecution to prove its case beyond a reasonable doubt, the court impermissibly shifted the burden of proof to defendant to establish that his co-conspirator committed the offense. We disagree with these claims.

█ The trial court's lengthy discussion of the evidence in its findings and conclusions satisfies us that it considered the circumstances surrounding the crime, evaluated the credibility of the witnesses, weighed the conflicting testimony, and ultimately determined that the defendant was guilty beyond a reasonable doubt. There is substantial support for this determination in the record and, accordingly, the verdict and judgment will not be set aside.

II.

█ Defendant also contends there was insufficient evidence to support the court's conclusion that he was guilty of two counts of theft. He argues that, because the daughter, as an heir of the victim, was a co-owner of the money and property taken after the victim's death, and had authorized his control over the money and property, an essential element of theft was lacking. We agree.

and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

"A person commits theft when he knowingly obtains or exercises control over anything of value of another *without authorization* ... and ... [i]ntends to deprive the other person permanently of the use or benefit of the thing of value...." Section 18–4–401(1), C.R.S. (1986 Repl.Vol. 8B) (emphasis supplied). Exercising control over property "without authorization" means "that the owner of the property, or a person in possession of the property with the owner's consent, has not given the actor permission to exercise control over the property." *People v. Edmonds,* 195 Colo. 358, 578 P.2d 655 (1978); *People v. Diaz,* 182 Colo. 369, 513 P.2d 444 (1973). There can be no theft without wrongful appropriation of another's property. *Hucal v. People,* 176 Colo. 529, 493 P.2d 23 (1971).

Under the provisions of the Colorado Probate Code, "[f]rom the moment of death, the heirs or devisees become the rightful possessors of property until the estate of the deceased has passed through probate or administration." *People v. Walker,* 44 Colo.App. 249, 615 P.2d 57 (1980).

Here, the evidence was uncontroverted that the victim had no surviving spouse. He left as his heirs two children, one of whom was the daughter in question. The victim had prepared a will, but there was no testimony as to its contents or its validity. There was no evidence that the daughter was not named in the will. Even if not a devisee, she was a minor and a dependent and was, therefore, entitled to the benefit of the exempt property and family allowances ahead of general creditors.

Further, she was not disqualified as a beneficiary. Section 15–11–803(1), C.R.S. (1987 Repl.Vol. 6B) provides:

"A surviving spouse, heir, or devisee who kills the decedent and, as a result thereof, is convicted of, pleads guilty to, or enters a plea of nolo contendere to the crime of murder in the first or second degree or manslaughter ... is not entitled to any benefits under the will or under this article, and the estate of the decedent passes as if the killer had predeceased the decedent...."

Since the daughter was granted immunity from prosecution, she has not been and cannot be convicted of the homicide.

The evidence established that the daughter authorized the defendant to take the money and property and participated with him in the taking. However, since she was legally a rightful possessor of these items at the time of taking, any control exercised by the defendant was with authorization and there was no theft. *See People v. McCain,* 191 Colo. 229, 552 P.2d 20 (1976); *Smith v. Greenburg,* 121 Colo. 417, 218 P.2d 514 (1950). Accordingly, the guilty verdicts and the judgments and sentences entered on the theft charges must be set aside.

The judgment of conviction of first degree murder is affirmed. The theft judgments and sentences are reversed, and the cause is remanded for dismissal of those charges and for corresponding corrections in the mittimus.

KELLY, C.J., and SILVERSTEIN, J., concur.